## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **ROBERT CAROL PROKOP,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:14-15847** |
| ) | |
| **MICHAEL FRANCIS, Administrator,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Petitioner's Applications to Proceed Without Prepayment of Fees and Costs (Document Nos. 1 and 16.), filed on May 5, 2014, and June 13, 2014. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 8.)

### FACTUAL BACKGROUND

On August 20, 2013, Petitioner, acting *pro se*, filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document Nos. 2 and 3.) In his Petition, Petitioner alleges that on September 25, 2013, the Circuit Court of Mercer County improperly "granted extradition to the State of Missouri." (Id.) Petitioner contends that he "proved in the court that I am not a fugitive." (Id.) Petitioner claims that a fugitive warrant was issued based upon an erroneous charge of Petitioner being a felon in possession of a firearm in Missouri. (Id.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner explains that he "plead not guilty to having committed any crimes in the State of Missouri, or any other state related to Missouri's allegations." (Id.) Petitioner appears to acknowledge that he has an unpaid child support obligation in Missouri, but contends that "extradition for the purpose of collecting a civil debt is unlawful." (Id.)

## **ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2254, the Court must consider whether the inmate is "in custody pursuant to the judgment of a State court."[2] 28 U.S.C. 2254. Title 28 U.S.C. § 2241, however, is a general grant of *habeas corpus* authority for inmates "in custody in violation of the Constitution or laws or treaties of the United States."[3] 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975); Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). Section 2254 was specifically created by Congress "as a the method for state prisoners to overturn or attack their state court convictions." See Sabb v. South Carolina, 2008 WL 701387 (D.S.C. March 13, 2008)(citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). In the instant case, Petitioner is challenging his extradition to Missouri – not

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); *see also, McDaniel v. Holland*, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). The undersigned notes that Petitioner acknowledges that his appeal is currently pending in the West Virginia Supreme Court of Appeals. If the Court considers Petitioner's Petition under Section 2254, Petitioner's petition would be dismissed for failure to exhaust his State remedies.

[3] The Fourth Circuit has recognized that Circuit Courts are split on whether 28 U.S.C. § 2241 or 2254 is the proper statute under which a state inmate challenging the *execution* of his State Court sentence should proceed. *See Gregory v. Coleman*, 218 Fed. Appx. 266 (4th Cir. 2007)(emphasis added).

seeking to overturn a State Court conviction. The undersigned, therefore, finds that Petitioner's claim should be considered under Section 2241, not Section 2254. See Stow v. Murashige, 389 F.3d 880, 886 (9Th Cir. 2004)("[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment – for example, a defendant in pre-trial detention or awaiting extradition."); also see Brown v. Barry, 2012 WL 1476081 (D.Md. April 26, 2012).

Considering Petitioner's claim pursuant to 28 U.S.C. § 2241, the undersigned finds that the Court should abstain from exercising jurisdiction over Petitioner's claim based upon the *Younger*-abstention doctrine. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 669 (1971). "Under the *Younger*-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The Fourth Circuit has recognized that "*Younger* abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), cert. denied, 516 U.S. 1094, 1167 S.Ct. 816, 133 L.Ed.2d 761 (1996). A Court should disregard *Younger's* mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006)(internal

quotations omitted). To prevail under the bad faith exception, petitioner must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The undersigned finds that the *Younger* abstention doctrine applies in the instant case. First, it appears that State Court proceedings are ongoing as Petitioner states that he has appealed the Circuit Court's granting of extradition to the West Virginia Supreme Court of Appeals. (Document No. 2, p. 2.) Second, a pending State criminal proceeding clearly involves an important State interest. The State of West Virginia has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference. Third, the matter in controversy is on-going and Petitioner will have an adequate opportunity to present his claims in the State Court proceedings. See Gilliam v. Foster, 75 F.3d at 881, 904 (4th Cir. 1996)(Generally, "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). "[T]he key question is whether the state allows [the defendant] to raise [his] objections, not whether the state agrees with those objections." Nivens, 444 F.3d at 243. Finally, Petitioner has failed to allege sufficient facts to establish the applicability of the bad faith exception. Specifically, there is no indication that Petitioner is being prosecuted "without a reasonable expectation of obtaining a valid conviction."

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's

Application to Proceed without Prepayment of Fees or Costs (Document Nos. 1 and 16.), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document Nos. 2 and 3.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*.

Dated: September 5, 2014.

R. Clarke VanDervort
United States Magistrate Judge

5