```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

ROBERT CARL PROKOP,

    Petitioner,

v.                                  Civil Action No: 1:14-15847

MICHAEL FRANCIS,
Administrator,

    Respondent.


## MEMORANDUM OPINION AND ORDER

    Pending before the court are petitioner's application to proceed *in forma pauperis*, (Doc. No. 1), and petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 8). The magistrate judge submitted his proposed findings and recommendations ("PF&R") on September 11, 2014. (Doc. No. 18). In the PF&R, Magistrate Judge VanDervort recommended that the court deny petitioner's application to proceed *in forma pauperis* and dismiss his petition for a writ of habeas corpus.

    In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days,

in which to file any objections to the PF&R.  Petitioner timely filed objections to the PF&R on September 16, 2014.  (Doc. No. 27).  Because petitioner's objections are without merit, the court adopts the factual findings and legal conclusions contained in the PF&R and dismisses petitioner's petition.

I. **Background**

In his petition, petitioner alleges that the Circuit Court of Mercer County improperly granted "extradition to the State of Missouri" on September 25, 2013.  (Doc. Nos. 2 and 3).  Petitioner argues that he "proved in the court that [he is] not a fugitive."  Id.  He claims that a fugitive warrant was issued based on an erroneous charge, specifically, that he was a felon in possession of a firearm in Missouri.  Id.  Petitioner explains that he "plead[ed] not guilty to having committed any crimes in the State of Missouri, or any other state related to Missouri's allegations."  Id.  While petitioner appears to acknowledge that he has unpaid child support obligations in Missouri, he nevertheless contends that "extradition for the purpose of collecting a civil debt is unlawful."  Id.

The magistrate judge concluded that petitioner's claims challenged his extradition to Missouri, and, as a result, his petition should fall under § 2241, rather than § 2254.  After considering petitioner's claims under § 2241, the magistrate judge concluded that the court should abstain from exercising

jurisdiction over petitioner's claim's based upon the Younger abstention doctrine. As a result, the magistrate judge recommended that this court dismiss petitioner's petition for a writ of habeas corpus and deny his application to proceed without prepayment of fees or costs.

## II. Petitioner's Objections to the PF&R

Initially, petitioner makes no specific objection to the reasoning or findings in the PF&R. Instead, his objections, termed "Motion for Appellate Review" repeat the same arguments and factual contentions petitioner presented in his initial petition. Petitioner's contentions "do not direct the court to a specific error in the magistrate's proposed findings and recommendations" because such arguments are "general and conclusory." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). As a result, a court need not conduct a de novo review of such objections. Id.

However, having reviewed the record and petitioner's arguments in their entirety, the court finds that adoption of the PF&R is appropriate because of the Younger v. Harris abstention doctrine. 401 U.S. 37 (1971). In Martin Marietta Corp. v. Md. Comm'n on Human Relations, the Fourth Circuit outlined a three-prong test for the applicability of the Younger abstention doctrine. 38 F.3d 1392, 1396 (4th Cir. 1994). Under this test, Younger abstention is appropriate only in those cases

3

where: "1) there are ongoing state judicial proceedings; 2) the proceedings implicate important state interests; and 3) there is an adequate opportunity to raise federal claims in the state proceedings." Id.

Upon de novo review, the court finds that the three prongs of the Martin Marietta test are met. Petitioner has a pending appeal in State court. (Case No. 13-P-cr-311).[1] The State of West Virginia has an important interest in resolution of its judicial proceedings without undue interference from federal courts. Finally, petitioner's appeal allows him an adequate opportunity to present the same claims that he makes in the instant petition for a writ of habeas corpus.

Further, the court finds no reason to disregard Younger's mandate. Under Supreme Court precedent, a federal court may disregard Younger's mandate only where: 1) there is a showing of bad faith or harassment by state officials responsible for prosecution; 2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or 3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury. Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) (citing Kugler v. Helfant, 421 U.S. 117, 124 (1975)).

---

[1] Petitioner has appealed to the West Virginia Supreme Court of Appeals the Circuit Court of Mercer County's grant of extradition. (Doc. No. 2 at 2).

Petitioner fails to present sufficient facts to demonstrate a showing of bad faith or harassment by state officials and no other circumstances suggest that this court should ignore the Younger mandate.

### III. Conclusion

Accordingly, the court **OVERRULES** petitioner's objections to Magistrate Judge VanDervort's PF&R.  The court **ADOPTS** the factual and legal analysis contained within the PF&R, **DENIES** petitioner's application to proceed without prepayment of fees, (Doc. No. 1), **DISMISSES** petitioner's petition for a writ of habeas corpus, (Doc. No. 2), and **DISMISSES** this matter from the court's active docket.

The court has additionally considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing

5

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

IT IS SO ORDERED on this 25th day of November, 2014.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge